

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–1494–08

**MELANIE D. McFATRIDGE, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### NAVARRO COUNTY

**Meyers, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

A trial judge's determination of indigency is a question of law. The two-step

process articulated in *Snoke v. State*, 780 S.W.2d 210 (Tex. Crim. App. 1989), first

requires a defendant to make a *prima facie* showing of indigency. If the defendant

satisfies this burden, the "trial court should accept the defendant's evidence absent some

reason in the record for not doing so." *Whitehead v. State*, 130 S.W.3d 866, 875 (Tex.

Crim. App. 2004). Therefore, the trial judge does not have the discretion to completely

ignore uncontroverted evidence of a defendant's financial situation.

The second step allows the State to present evidence showing that the defendant is not indigent. While this part of the determination may allow the trial judge some discretion to believe certain documents or witnesses and disregard others, at the end of the day, the trial judge is either right or wrong about whether a defendant is indigent. In *Whitehead* we stated, "The trial court is not completely free to disbelieve the defendant's allegations concerning his own financial status, but the trial court may disbelieve an allegation if there is a reasonable, articulable basis for doing so, either because there is conflicting evidence or because the evidence submitted is in some manner suspect or determined by the court to be inadequate." *Id*. at 876.

The court of appeals ultimately held that the trial court did not abuse its discretion. In truth, the court of appeals conducted a *de novo* review, considering the evidence presented to the trial court by the defendant and the State and determining that the trial court was correct. I agree with that determination. I disagree, however, with the majority's failure to express that an indigency determination is either right or wrong and is not in some zone of disagreement. Therefore, I concur.

Meyers, J.

Filed: January 27, 2010

Publish